N. T. JONES ET AL. V. BERT A. DUNBAR.

FILED JUNE 15, 1897.   No. 7294.

1. Fraudulent Conveyances: KNOWLEDGE OF BUYER: EVIDENCE. Evidence examined, and held to sustain a verdict that chattels had been purchased in good faith without notice by the vendee of an intent on the part of the vendors to defraud creditors.

2. ———: CONSIDERATION. In a contest between a vendee and creditors of the vendor, the adequacy of the consideration, if it be a valuable consideration, will not be inquired into except for the purpose of throwing light on the intention of the parties.

3. ———: ———. The relinquishment of a valid entry of land under the timber culture act of congress constitutes a valuable consideration and is not void as against public policy.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J. *Affirmed.*

*John P. Maule* and *L. W. Blackledge*, for plaintiffs in error.

*Kinkead, Mentzer & Granger, contra.*

IRVINE, C.

This case is one of that familiar class where a vendee of chattels replevies them from a sheriff who has seized them under a writ of attachment in an action against the vendor. The issue presented is the *bona fides* of the transfer to the plaintiff. The verdict and judgment in the district court were in favor of the plaintiff, and this proceeding is prosecuted by the defendants.

From the very lucid and fair statement contained in the brief of the plaintiff in error we obtain the evidence as follows: J. D. Douglas and George H. Underhill lived in Lincoln. The daughter of Douglas and Charles Underhill, son of George H. Underhill, were engaged to be married. The younger Underhill was a druggist. For the purpose of establishing him in business, his father and his sister, Mrs. Swartz, conveyed certain real estate to Douglas. Douglas, with funds of his own and with the proceeds of the real estate, purchased a drug store which was operated in the name of J. D. Douglas & Co., the firm being composed of Douglas and wife, and the younger Underhill was installed as manager of the business under an agreement for the division of profits. To secure the elder Underhill and Mrs. Swartz for their contribution to the enterprise, a mortgage was executed upon the stock and fixtures, which was not filed for record until shortly before the occurrence of facts out of which this controversy arises. After some time the drug store was removed to Stratton, in Hitchcock county. The firm of J. D. Douglas & Co. became indebted to David Wise & Co.

in the sum of $272, and to the H. T. Clarke Drug Company in the sum of $136.72. The business not proving prosperous, Douglas and Underhill desired to sell out. Douglas & Co. had in their employ Bert A. Dunbar. After some negotiations with him, a sale was effected whereby Douglas & Co. transferred the store to Dunbar. Dunbar executed his notes, secured by mortgage, to the elder Underhill and to Mrs. Swartz for $400, and they released their mortgage. He also executed a relinquishment of a "tree claim," or timber culture entry, on certain land in Hitchcock county, and delivered this relinquishment to the younger Underhill, who presented the relinquishment at the land office and entered the land as a homestead in his own name. Thereupon Wise & Co. and the Clarke Drug Company instituted actions on their debts and procured attachments to be issued and levied on the stock and fixtures of the drug store. Dunbar replevied. In addition to the foregoing facts it appears that in the trade the drug store, in pursuance of an inventory, was valued at $2,000; that Dunbar had "broken" about forty acres of the land, and that the value of his right to the land was placed at $1,600.

It is quite correctly contended by the plaintiff in error that in order to protect Dunbar's title three facts must exist: First, the purchase must have been made without notice of an intent on the part of the vendors to defraud their creditors; second, the purchase must be for a valuable consideration; and third, the consideration must be executed. On the assignment of error that the evidence is not sufficient to sustain the verdict we shall not inquire whether a fraudulent intent on the part of Douglas & Co. was established, because we think the evidence sufficient to sustain the verdict on the ground that Dunbar was not a party to the fraud, if any existed, and was a *bona fide* purchaser. In such cases, by the express terms of the statute, the question of fraudulent intent is a question of fact and not of law. (Compiled Statutes, ch. 32, sec. 20.) The evidence tends to show that Dunbar knew

of the indebtedness of the elder Underhill and Mrs. Swartz, and took pains that they should be satisfied before making the purchase, and that he knew of no other indebtedness. It is contended that his occupation as a clerk in the store apprised him of the existence of such indebtedness; but we cannot hold that any such confidential relation exists between a proprietor of a mercantile establishment and his clerks or salesmen that the latter are charged as a matter of law with notice that goods purchased have not been paid for. We are quite satisfied with the verdict of the jury in so far as it tends to establish that the transaction was made as a *bona fide* business venture on Dunbar's part, and that he had no suspicion even that Douglas & Co. made the same for the purpose of defeating their creditors, if such was the fact.

It is contended that the consideration was inadequate. But if it was, in the terms of the law, a valuable consideration, it matters not whether it was adequate. The question of its adequacy may be properly litigated in order to ascertain the intent of the parties. But on the evidence before us we could not hold contrary to the verdict that it was of such known and gross inadequacy as to conclusively establish a fraudulent intent. While the so-called "tree claim" was valued at $1,600, and may have been overestimated, the appraisement for the purpose of the writ of replevin of the drug store was $988. It is quite frequent for parties in making an exchange to overvalue their respective holdings, and this without any intent to defraud. The question of value in dollars and cents is not scrutinized so closely in the case of an exchange as when money is to be paid.

Did Dunbar pay a valuable consideration? It is contended that he did not, because his right to the land was not transferable, and he had not paid the notes at the time this action was brought. Our conclusion on the first point renders a consideration of the second unnecessary. We are cited to cases construing the act of congress forbidding transfers of inchoate or imperfect rights

to the public lands, but these cases are not applicable. They are all cases of attempted conveyances. It was expressly provided by act of congress (21 Statutes at Large, 2d sess., ch. 89): "That when a pre-emption, homestead, or timber-culture claimant shall file a written relinquishment of his claim in the local land office, the land covered by such claim shall be held as open to settlement and entry without further action on the part of the commissioner of the general land office." Dunbar had a possessory interest in the land under a timber-culture entry. It was a valuable right. He was not compelled to relinquish it, but he had the power to do so merely by filing a written instrument to that effect, free from any discretion or action by the federal authorities. He parted with his right by executing such a relinquishment. We know nothing in the statutes or the policy with relation to public lands which forbids a person from contracting with another to release such a right. It is true that by such a transaction as the present the one who makes such a contract, providing he keeps silent, may have an advantage over other persons in making a new entry. But the essence of the contract was merely the relinquishment of the right, and this a valuable right, which the holder thereof might relinquish if he chose, and which did not operate as a transfer or conveyance of the right itself. (*Palmer v. March*, 34 Minn., 127.) A consideration is valuable, not only where the party to whom it moves receives something of value, but also where the party from whom it moves parts with something of value.

It is contended that the court erred in allowing a witness to testify to the value of the land covered by the timber-culture entry. As we have before intimated, the adequacy of the consideration was a fact pertinent to the issues as tending to establish the intent of the parties, and the inducement to the vendors in obtaining the relinquishment was undoubtedly the expectation of obtaining the land for themselves by re-entry. Therefore, the value of that land entered directly into the controversy as

throwing light upon the opinions and expectations of the parties and thereby in ascertaining what to them seemed an adequate consideration. There was no error in admitting the evidence.

Complaint is made of the giving and refusal of certain instructions. In the petition in error these are grouped in a single assignment without distributive words. Most of the instructions given were clearly right. One, at least, of those refused was properly refused because substantially covered by instructions already given. We cannot, therefore, further review this assignment.

AFFIRMED.